UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-22197-CV-KING
CASE NO. 09-20264-CR-KING
MAGISTRATE JUDGE REID

NIKO THOMPSON,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

# REPORT OF MAGISTRATE JUDGE
# RE UNAUTHORIZED SUCCESSIVE MOTION - 28 U.S.C. § 2255

## I. Introduction

Movant, **Niko Thompson,** has filed this *pro se* motion to vacate, pursuant to 28 U.S.C. § 2255, challenging, in pertinent part, the constitutionality of his conviction and sentence for felon in possession of a firearm, entered following a jury verdict in **Case No. 09-20264-CR-King.** [CV ECF No. 1; CR ECF No. 377]. While not explictly citing to the recent United States Supreme Court decision in *Rehaif v. United States,* 139 S. Ct. 2191 (2019), Movant alleges his conviction and sentence for violation of 18 U.S.C. § 922(g) is no longer lawful because the government did not prove he "knowingly" possessed the firearm. [CV ECF No. 1 at 4]. For the reasons discussed below, this motion should be DISMISSED for lack of jurisdiction

as an unauthorized successive motion to vacate.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B); (C); S.D. Fla. Admin. Order 2019-2; and, Rules 8 and 10 Governing Section 2255 Cases in the District Courts.

Rule 4(b) of the Rules Governing § 2255 Proceedings provides that, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Consistently, the Supreme Court has stated that "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face[.]" *McFarland v. Scott*, 512 U.S. 849, 856 (1994) (citation omitted); *United States v. Deal*, 678 F.2d 1062 (11th Cir. 1982)(per curiam)(citations omitted). Courts reviewing a motion under Rule 4 must construe *pro se* motions liberally. *See Enriquez v. Fla. Parole Comm'n*, 227 F. App'x 836, 837 (11th Cir. 2007)(per curiam)(*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Because summary dismissal is warranted, no order to show cause has been issued, and the government has not been required to file a response. *See Broadwater v. United States,* 292 F.3d 1302, 1303-04 (11th Cir. 2002)(a district court has the power under Rule 4 of the Rules Governing Section 2255 Cases to summarily dismiss a movant's claim for relief so long as there is a sufficient basis in the record

for an appellate court to review the district court's decision).

The court has reviewed Movant's current § 2555 motion [CV ECF No. 1], together with all pertinent portions of Movant's underlying criminal file, and Movant's prior § 2255 motions, assigned Case Nos. 14-20072-CV-King, and 16-24702-CV-King. It is well settled that this court may take judicial notice of its own records in habeas proceedings. *See* Fed. R. Evid. 201; *United States v. Glover,* 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)(finding the district court may take judicial notice of the records of inferior courts).

## II. Relevant Procedural Background

Movant was charged with and convicted of conspiracy to possess with intent to distribute 500 grams or more of cocaine (Count 2) and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. § 922(g) (Count 18). [CR ECF Nos. 57, 495]. He was adjudicated guilty and sentenced to a total term of 240 months of imprisonment, to be followed by a total of eight years of supervised release. [CR ECF No. 377]. The Eleventh Circuit Court of Appeal *per curiam* affirmed the Movant's judgment in a written, but unpublished opinion. *United States v. Thompson,* 466 F. App'x 838 (11th Cir. 2012), [CR ECF No. 523]. Certiorari review was denied on **January 7, 2013.** *Thompson v. United States,* 133 S. Ct. 916 (2013).

## III. Discussion

Critically, Movant returned to this court filing his first § 2255 motion,

assigned Case No. 14-20072-CV-King, which was denied on the merits. *See Thompson v. United States,* No. 14-20072-CV-King, Final Judgment [14CV20072 CV ECF No. 34] (S.D. Fla. 2017). On **March 10, 2016,** the Eleventh Circuit denied Movant's motion for certificate of appealability finding he could not make a substantial showing of a denial of a constitutional right. [*Id.* at CV ECF No. 43].

Undeterred, Movant returned to this court in **2016,** filing a **second** § 2255 motion to vacate, assigned Case No. 16-24702-CV-King. [16CV24702 CV ECF No. 1]. The motion as dismissed for lack of jurisdiction as an unauthorized successive § 2255 motion. *See Thompson v. United States,* No. 16-24702-CV-King, Final Judgment [16CV24702 CV ECF No. 6] (S.D. Fla. 2016). Movant did not appeal.

Instead, in **2017**, he filed an application with the Eleventh Circuit Court of Appeals seeking to file a successive § 2255 motion, which was denied by order entered on May 31, 2017. [*Id.* CV ECF No. 8].

Movant has now returned to this court filing this **third** § 2255 motion to vacate his § 922(g) conviction and sentence. [CV ECF No. 1]. Movant does not cite to *Rehaif,* but argues consistent therewith that the government failed to prove he knowingly possessed the firearm and ammunition. [*Id.*]. In *Rehaif,* the United States Supreme Court interpreted the "knowingly" requirement of § 922(g), requiring the government to prove "both that the defendant knew he possessed a firearm and that

he knew he belonged to the relevant category of persons barred from possessing a firearm." *See United States v. Finley,* 805 F. App'x 823, 825 (11th Cir. 2020)(per curiam)(quoting *Rehaif,* 139 S.Ct. at 2195-96). The Eleventh Circuit has held that *Rehaif* is not a "new rule of constitutional law," but rather "clarified that knowledge of one's status as a felon is an element of § 922(g)(1)." *See Finley,* 2020 WL 1061671 at *1 (quoting *In re Palacios,* 931 F.3d 1314, 1315 (11th Cir. 2019)(internal quotation marks omitted)).

"Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion." Rules Governing § 2255 Proceedings, Rule 9. As authorization has not been granted, this Court lacks jurisdiction to hear this latest § 2255 motion, absent permission from the Eleventh Circuit Court of Appeals. *See Burton v. Stewart,* 549 U.S. 147, 153 (2007); *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). Movant has not alleged that he has obtained authorization to file this successive § 2255 motion. Thus, this unauthorized successive § 2255 motion should be dismissed for lack of jurisdiction.

Lastly, because the court "lack[s] subject matter jurisdiction to consider the [instant] successive petition, [the court may] not issue a [certificate of appealability.]" *See Williams v. Chatman,* 510 F.3d 1290, 1295 (11th Cir. 2007)(citation omitted).

## IV. Recommendations

Based on the foregoing, it is recommended:

1. that this case be DISMISSED for lack of jurisdiction because it is an unauthorized successive § 2255 motion;

2. that no certificate of appealability issue; and,

3. the case closed.

Any party who objects to this recommendation or anything in it must, within fourteen days of the date of service of this document, file specific written objections with the Clerk of this court. Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 149 (1985).

DONE AND ORDERED at Miami, Florida, this 18th day of September, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:

Niko Thompson, *Pro Se*
Reg. No. 81979-004
F.C.I. - Williamsburg
Inmate Mail/Parcels
Post Office Box 340
Salters, SC 29590

James Ustynoski, AUSA
United States Attorney's Office
99 N.E. 4th Street, 6th Floor
Miami, FL  33132-2111
Email: James.Ustynoski@usdoj.gov